UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BROTHERS PETROLEUM, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-2836** |
| **UNDERWRITERS AT LLOYD'S LONDON** | **SECTION: "S" (4)** |

### ORDER AND REASONS

The appeal of order of magistrate judge (Doc. #84) filed on behalf of Brothers Petroleum, LLC is GRANTED as follows.

### BACKGROUND

Plaintiff Brothers Petroleum, LLC filed suit against its insurer for additional proceeds under a policy issued by defendant Underwriters at Lloyd's London for damages that arose from Hurricane Katrina. Plaintiff is also claiming bad faith penalties under La. Rev. Stat. 22:658 and 1220. Defendant filed a counterclaim against plaintiff and alleged that its policy was void due to "concealment, misrepresentation and/or fraud" by plaintiff.[1]

Some time in 2005, defendant retained the ASU Group, an independent adjusting firm which assigned Jerry Edler and Audie Friloux to investigate plaintiff's claim. In December 2005, Edler and

---

[1] *See* Counterclaim (Doc. # 82), Paragraph 7.

Friloux submitted reports which estimated in excess of $3.5 million and a payment recommendation of $ 2.84 million. Edler and Friloux were later replaced with Bruce Spitler.

On January 5, 2006, Spitler met with plaintiff. On February 20, 2006, plaintiff's counsel contacted the adjustor to inform him that counsel had been retained. On March 7, 2007, defendant issued a reservation of rights letter to plaintiff. On April 18, 2007, defendant retained counsel.[2] On May 26, 2006, plaintiff filed suit.

Plaintiff sought, through a subpoena duces tecum, production of the investigative file of the ASU Group. Defendant withheld certain documents, claiming that attorney-client privilege and work product privilege precluded production.[3] Plaintiff moved to compel. On February 12, 2008, and after an *in camera* review of the withheld documents, the magistrate judge granted in part and denied in part plaintiff's motion. Before the court is an appeal from the magistrate judge's ruling as to Mr. Spitler's reports and investigative materials, all of which were generated prior to the filing of the suit.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party."[4] The work product privilege is set forth in Fed. R. Civ. Proc. 26(b)(3) which provides that "[o]rdinarily, a party may not discover documents and tangible things

---

[2]*See* Opposition to Brothers Petroleum, LLC's Appeal of Order of Magistrate Judge at 2.

[3]The magistrate judge rejected defendant's assertion of attorney-client privilege; the court agrees. Further, defendant appears to have abandoned its claim that Spitler's reports are subject to attorney-client privilege as its opposition addresses only its assertion of work product.

[4]Fed. R. Civ. Proc. 26(b)(1).

2

that are prepared in anticipation of litigation or for trial by or for another party or its representative." Federal law determines whether a work product privilege is warranted.[5] Further, the party asserting a work product privilege bears the burden of demonstrating that the documents were prepared in anticipation of litigation.[6] Work product privilege can be overcome if the party can show a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.[7]

The Fifth Circuit employs a "primary motivating purpose" test for determining whether a document was prepared in anticipation of litigation; that is, a determination as to whether "the primary motivating purpose behind the creation of the document was prepared was to aid in possible future litigation."[8] The work product doctrine can apply to documents prepared by counsel or by a party's agent.[9] As the Fifth Circuit has noted, "[i]t is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine."[10]

On the other hand, materials assembled in the ordinary course of business are excluded from

---

[5]*Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991).

[6]*See Hodges, Grant & Kaufman v. U.S. Government,* 768 F.2d 719, 721 (5th Cir. 1985) and *St. James Stevedoring Co., v. Femco Machine Co.*, 173 F.R.D. 431, 432 (E.D. La. 1997).

[7]Fed. R. Civ. Proc. 26(b)(3)(ii).

[8]*In re Kaiser Aluminum and Chemical Co.*, 214 F.3rd 586, 593 n. 19 (5th Cir. 2000); *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981)).

[9]*United States v. Nobles*, 422 U.S. 225, 238 (1975).

[10]*Davis*, 636 F.2d at 1039.

work product materials.[11]  If a party prepares a document in the ordinary course of business, "it will not be protected [from discovery] even if the party is aware that the document may also be useful in the event of litigation."[12]  If documents would have been created regardless of whether litigation was expected to occur, then the document is likely to have been created in the ordinary course of business.[13]

Insurance claims files straddle both ends of this definition because it is the ordinary course of business for an insurance company to investigate a claim with an eye towards litigation.  "'At a certain point, an insurance company's activity shifts from the ordinary course of business to anticipation of litigation.  There is no hard and fast rule as to when this occurs.'"[14]

In this case, the evaluation of claims of policyholders is in the regular, ordinary and principal business of the defendant.  Thus, adjustor's reports are in the regular, ordinary course of defendant's business.  Defendant argues that Mr. Spitler's deposition testimony establishes that defendant began to anticipate litigation upon Mr. Spitler's January 5, 2006, meeting with the plaintiff's president.  However, the court notes that in a January 27, 2006, report, Spitler specified that he was awaiting word from defendant as to whether defense counsel would be assigned to the loss.  Further, Spitler's reports after his meeting with plaintiff's president appear to be ordinary and customary adjustor's

---

[11]*United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

[12]*Occidental Chem. Corp v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 435 (W.D. N.Y. 1997)(quotation and citations omitted).

[13]*See e.g., First Pac. Networks, Inc. v. Atlantic Mut. Ins. Co.*, 163 F.R.D. 574 (N.D. Cal. 1995).  See also Atlant

[14]*St. James Stevedoring Co.,* 173 F.R.D. at 433 (*quoting Westhemeco Ltd v. New Hampshire Insurance Co.*, 82 F.R.D. 702, 708 (S.D. N.Y. 1979)).  *See also Davis,* 536 F.2d at 1039.

reports. Defendant did not retain counsel until April 18, 2006. Considering the claims between the parties and the nature of Spitler's reports, the court finds that Spitler's reports before April 18, 2006, are not subject to the work product privilege and must be produced to the plaintiff.[15]

With respect to reserve information, the court notes that plaintiff has a "bad faith" claim against defendant, and that subsequent to the magistrate judge's ruling, the defendant filed a counterclaim, asserting a fraud claim against plaintiff. A bad faith claim requires an analysis of whether the failure to pay the amount of a claim within 60 days after receipt of a satisfactory proof of loss was arbitrary, capricious or without probable cause, as determined by the facts and circumstances held by the insurer at the time of refusal.[16] The setting of reserves bears some relationship to the insurer's calculation of potential liability, and have been found to be discoverable when bad faith is asserted.[17] The court finds that plaintiff has shown substantial need for the reserve

---

[15]Specifically, these documents must be produced to plaintiff:

| | |
|---|---|
| ASU CORR 1 | 0104; 0117 - 0118; 0192 - 0193 |
| ASU LOC 1 | 0145 - 0146; 0180 - 0186; 0187 - 0189; 0199; 0208 - 0212; 0249 - 0250; 0255-0263 |
| ASU LOC 2 | 0161- 0166 |
| ASU LOC 3 | 0104 - 0109 |
| ASU LOC 4 | 0072 - 0073; 0107 |
| ASU LOC 5 | 0092; 0138 - 0143 |
| ASU LOC 6 | 0121 - 0128 |
| ASU LOC 7 | 0119 - 0124 |
| ASU LOC 8 | 0135 - 0145 |
| ASU LOC 9 | 0113- 0118 |
| ASU LOC 10 | 0130 - 0134 |
| ASU LOC 11 | 0117 - 0121 |
| ASU LOC 12 | 0116 - 0121 |
| ASU LOC 13 | 0102 - 0109; 0119; 0138 - 0141; 0165 - 0172; 0204 - 0207 |

[16]La. Rev. Stat. 22:1220.

[17]*See Culbertson v. Shelter Mutual Ins. Co.*, 1998 WL 743592 at *1 (E.D. La. 1998); *Central Georgia Anesthesia Services, P.C. v. Equitable Life Assur. Soc.*, 2007 WL 2128184 at *2-3 (M.D. Ga. 2007). *See also First National Bank of Louisville v. Lustig*, 1991 WL 236839 (E.D. La. 1991) and 1993 WL 411377 (E.D. La. 1993); *Athridge*

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.[18] Accordingly, the court orders production of all reserve information contained in the documents that were submitted to this court relative to the appeal of the magistrate judge's ruling.[19]

New Orleans, Louisiana, this __2nd__ day of July, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

*v. Aetna Cas. And Surety Co.*, 1998 WL 429661 at *10 (D.D.C. 1998) and *North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F.Supp. 1411, 1412 Pa. 1995).

[18] Fed. R. Civ. Proc. 26(b)(3)(ii).

[19] Specifically, these documents must be produced to plaintiff:

| | |
|---|---|
| ASU LOC CORR | 0151- 0155 |
| ASU LOC 1 | 0190 - 0194 |
| ASU LOC 2 | 0094 - 0098 |
| ASU LOC 4 | 0066 - 0070 |
| ASU LOC 5 | 0079 - 0083 |
| ASU LOC 6 | 0110 - 0114 |
| ASU LOC 7 | 0079 - 0083 |
| ASU LOC 8 | 0096 - 0100 |
| ASU LOC 9 | 0074 - 0078 |
| ASU LOC 10 | 0102 - 0106 |
| ASU LOC 11 | 0079 - 0083 |
| ASU LOC 12 | 0057- 0061 |
| ASU LOC 13 | 0010 - 0014 |